

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*  
*P.O. Box 4390*  
*Ben Franklin Station*  
*Washington, DC  20044-4390*

*Telephone (202) 514-1442*  
*Facsimile (202) 514-4231*

June 28, 2007

Clerk, United States District Court
  for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA  94102

      Re:    California Sportfishing Protection Alliance v. Alliance Recycling, Inc., No. 3:07-cv-02438-CRB

Dear Sir or Madam:

      On May 15, 2007, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).  This provision provides, in relevant part:

> No consent judgment shall be entered in any action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

See also 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.

      The United States requests that, where a consent judgment provides for the payment of sums to a third party which is to undertake a supplemental environmental project (SEP), the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax-exempt entity and that it (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

      In this case, the Rose Foundation will receive a payment of $10,000 under this consent judgment for a supplemental environmental project.  The Rose Foundation has provided a letter making the requisite representations; a copy is attached.  The United States believes that this letter will help to ensure that any monies expended under the proposed consent judgment will be used in a manner that furthers the purposes of the Act, and that is consistent with the law and the public interest.

      Given these representations, the United States has no objection to entry of the proposed consent judgment.  We accordingly notify the Court of that fact.  The United States affirms for

the record that, under prevailing law, it is not bound by this settlement.  See, e.g., Martin v. Wilks, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but does not conclude the rights of strangers to those proceedings"); Hawthorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); United States v. Atlas Powder, 26 Env't Rep. Cas. (BNA) 1391 (E.D. Pa. 1987) (The United States is not bound by settlement agreements or judgments in cases to which it is not a party); 28 U.S.C. §§ 516, 519; 131 Cong. Rec. 15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party).  The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide the United States with a copy of the proposed modifications, forty-five days before the court enters any such modifications.  See 33 U.S.C. § 1365(c)(3).

       We appreciate the attention of the Court.  Please contact the undersigned at (202) 616-5515 if you have any questions.

                                    Sincerely,

                                      /s/   Amber Blaha
                                Amber Blaha, Attorney
                                U.S. Department of Justice
                                Environment and Natural Resources Division
                                Law and Policy Section
                                P.O. Box 4390
                                Washington, D.C.  20044-4390

cc:    Andrew Packard, Plaintiff's counsel (via ECF)
          Michael Lozeau, Plaintiff's counsel (via ECF)
          Paul P. Spaulding, III, Defendant's counsel (via U.S. mail)